# United States Court of Appeals
## For the First Circuit

_____

No. 20-1723

JULIO MARIO BRISENO-LUNA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

_____

Before

Barron, Chief Judge,
Howard and Montecalvo, Circuit Judges.

_____

**JUDGMENT**

Entered: March 6, 2023

    Petitioner Julio Mario Briseno-Luna petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing his appeal from an immigration judge's (IJ's) denial of his motion to reopen. The operative final order of removal was entered in absentia. See generally 8 U.S.C. § 1229a(b)(5). Petitioner argued before the agency that proceedings should be reopened for a variety of reasons, including, as relevant for current purposes, infirmities in the notice(s) he received prior to entry of the in absentia order of removal.

    Section 1229a(b)(5)(A) allows for entry of an in absentia removal order in a case where the non-citizen has failed to appear despite having received "written notice required under paragraph (1) or (2) of section 1229(a)." Relatedly, § 1229a(b)(5)(C)(ii) allows a non-citizen to file a motion to reopen seeking recission of an in absentia order "at any time" on the ground that he "did not receive notice in accordance with paragraph (1) or (2) of section 1229(a)" prior to entry of the in absentia order.

    Petitioner in this case, invoking § 1229a(b)(5)(C)(ii), argued before the BIA that the notifications he received prior to entry of the in absentia order did not satisfy the criteria set out at either § 1229(a)(1) ("notice to appear") or (a)(2) ("notice of change in time or place of

proceedings"), such that entry of the in absentia order of removal had been improper pursuant to § 1229a(b)(5)(A). Relying on agency precedent, the BIA rejected the claim.

In light of intervening precedent, we conclude that vacatur and remand are in order. The BIA's ruling is **VACATED**, and the matter is **REMANDED** for further proceedings consistent with this judgment, Niz-Chavez v. Garland, 141 S. Ct. 1474 (2021), Laparra-Deleon v. Garland, 52 F.4th 514 (1st Cir. 2022), and related precedent. We express no opinion as to the proper scope and outcome of proceedings on remand and leave it to the BIA to determine in the first instance whether further remand to the IJ is in order.

In briefing before this court, petitioner claimed that the BIA had failed to address certain other challenges to the operative in absentia removal order. The BIA's denial of reopening having been vacated in full, petitioner is free to pursue the allegedly ignored challenges on remand if he wishes to do so. We leave it to the agency to determine in the first instance whether any such claims, if pressed, are appropriate for consideration and/or have merit.

By the Court:

Maria R. Hamilton, Clerk

cc:
Donna Carr, Chief Clerk, Board of Immigration Appeals
Christopher Boom
Anthony Paul Nicastro
Brooke M. Maurer
OIL